**WILLIAM MACKIN, ESQ., P.C.** *(WM 2792)*
**105 N. BROAD STREET**
**SUITE 1**
**WOODBURY, NJ 08096**
(856) 848-2152
(856) 848-4280 Fax
**Attorney For Plaintiff**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**
*(Camden Vicinage)*

| | | |
|---|---|---|
| _____ | : | |
| In re: | : | Chapter 7 |
| | : | |
| Kathy A. VanScoy, | : | |
| | : | Case No.: 08-13177 JHW |
| Debtor(s) | : | |
| _____ | : | |
| | : | Adv. Pro. No. |
| Kathy A. VanScoy, | : | |
| **Plaintiff** | : | |
| | : | |
| vs. | : | |
| | : | |
| Fairhaven Law Group, a Professional | : | |
| Law Corporation, | : | |
| **Defendant** | : | |
| _____ | : | |

**COMPLAINT FOR VIOLATION OF THE DEBT RELIEF AGENCY PROVISIONS OF THE
BANKRUPTCY CODE, VIOLATION OF THE NEW JERSEY DEBT ADJUSTER ACT, UNAUTHORIZED
PRACTICE OF LAW AND VIOLATION OF THE NEW JERSEY CONSUMER FRAUD ACT**

Plaintiff, by way of Complaint against the Defendant states as follows:

**FIRST COUNT**
**(Failure to Comply With Debt Relief Agency Provisions of The Bankruptcy Code**)

1.      Plaintiff, Kathy VanScoy ("Plaintiff"), is the debtor in the above captioned chapter 7 case which was

filed in this Court on February 25, 2008 and which case is presently pending before this court.

2.      Defendant Fairhaven Law Group, purports to be a Professional Law Corporation ("Defendant") and

is, upon information and belief, a California corporation with an office/business address of 1231 E. Dyer Road,

Suite 215, Santa Barbara, California.

3.      This action seeks damages under 11 U.S.C. Section 526(c)(2) and other relief for Defendant's failure

to comply with the mandatory Debt Relief Agency provisions of the United States Bankruptcy Code.

4.    This action also seeks damages for Defendant's pre-petition actions which violate the New Jersey Debt

Adjuster Act, N.J.S.A. 17:16G-1 *et seq*, and the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1 *et seq*, and

which constitute the unauthorized practice of law.

5.    Jurisdiction is conferred on this Court pursuant to 28 U.S.C. Section 1334 in that this proceeding

arises in and is related to the above-captioned Chapter 7 case under Title 11 and concerns property of the

Debtor in that case.

6.    This Court has both personal and subject matter jurisdiction to hear this case pursuant to 28 U.S.C.

Section 1334,  28 U.S.C. Sections 157(a), 157(b)(1), 157(b)(2) and the standing Order of Reference entered

by the United States District Court for the District of New Jersey on July 23, 1984 in accordance with the

Bankruptcy Amendments and Federal Judgeship Act of 1984.

7.    This matter is primarily a core proceeding pursuant to 28 U.S.C. Sections 157(b)(2)(A), (H) and (O)

and therefore the Bankruptcy Court has jurisdiction to enter a final order.  However, in the unlikely event any

aspect of this case is determined to be a non-core proceeding ,then and in that event, Plaintiff consents to

the entry of a final order by the Bankruptcy Judge.

8.    This Court has supplemental jurisdiction to hear all state law claims pursuant to 28 U.S.C. Section

1367.

9.    Venue lies in this District pursuant to 28 U.S.C. Section 1409.

10.    The Plaintiff's chapter 7 case was commenced by the filing of a voluntary petition with the Clerk of

this Court on February 25, 2008 (the "Filing Date").

11.    Prior to the Filing Date, in or about October 2007, Plaintiff received a commercial solicitation sent by

Defendant through the United States Mail to Plaintiff at her home address in which Defendant identified itself

as a Debt Relief Agent under the United States Bankruptcy Code.

12.      Defendant's solicitation provided examples of monthly debt adjustment programs, and invited Plaintiff

to inquire further about retaining Defendant to provide such debt adjustment services.

13.      Shortly after receiving Defendant's solicitation, Plaintiff contacted Defendant by telephone to further

inquire into Defendant's debt adjustment program. During the course of this telephone contact Defendant

failed to provide Plaintiff with any of the mandatory notices provided for in the Debt Relief Agency sections of

The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 amendments to  the Bankruptcy

Code.

14.      On or about November 6, 2007 Plaintiff received a follow-up package of documents from Defendant,

including a proposed debt adjustment plan and a contract pursuant to which Plaintiff might enroll in

Defendant's debt adjustment program. This package of documents also did not contain any of the mandatory

notices provided for in the Debt Relief Agency sections of The Bankruptcy Abuse Prevention and Consumer

Protection Act of 2005 amendments to  the Bankruptcy Code.

15.      The proposed debt adjustment plan directed Plaintiff to deposit $550.00 every month into her

depository bank account.  The contract indicated that Defendant would, on Plaintiff's behalf, negotiate reduced

lump sum settlements with Plaintiff's unsecured creditors funded by the money in Plaintiff's the depository

bank account.

16.      Defendant's fee was also to be paid in monthly installments from the money in Plaintiff's depository

bank account.

17.      At the time Plaintiff enrolled in Defendant's debt adjustment program, Plaintiff was current with

payments to her creditors.  However, beyond the present ability to make ever-increasing minimum monthly

payments, Plaintiff knew that she would never be able to fully repay the entirety of the existing credit card debt

because interest and fees continually accrued every month.  And, the continually increasing amounts would eventually make paying even the required monthly minimums a financial impossibility.  So, although Plaintiff could barely afford to save $550.00 every month without severely scrimping on her necessary and reasonable monthly living expenses, Plaintiff believed the statements and representations in Defendant's literature to the effect that Defendant's debt adjustment program would achieve the promised substantial savings as an alternative to bankruptcy.

18.     Even though Plaintiff was current with payments to her creditors, as part of the proposed debt adjustment program, one of Defendant's agents, servants or employees directed Plaintiff to cease making payments to such creditors, to no longer communicate with them and to direct all creditors to send all future monthly statements to Defendant.

19.     On or about November 9, 2007, Plaintiff enrolled in Defendant's debt adjustment program by signing the contract and returning it by mail to Defendant.

20.     Plaintiff also included a check in the amount of $550.00 with the signed contract, per Defendant's written instructions, to pay the initial installment of Defendant's fee.  Defendant negotiated this check on or about November 29, 2007.

21.     Plaintiff also signed the pre-printed authorization included in Defendant's package and returned it to Defendant along with the signed contract.  That form authorized the Defendant to electronically withdraw funds from Plaintiff's depository bank account every month to pay Defendant's fee.

22.      Plaintiff was directed by Defendant to notify her unsecured creditors to send all future monthly payment statements to Defendant's address in San Antonio Texas for Defendant's review and to forward all creditor correspondence to Defendant's separate address in Santa Ana California for Defendant's review.

23.     Defendant thereafter began making periodic electronic withdrawals from Plaintiff's depository bank

account.    More specifically, Defendant electronically withdrew $550.00 from Plaintiff's depository bank account on December 26, 2007 and again electronically withdrew $550.00 from Plaintiff's depository bank account on January 25, 2008.  None of this money was paid to Plaintiff's creditors. Thus Plaintiff paid a total of $1,650.00 to Defendant between November 29, 2007 and January 25, 2008.

24.    GE Money Bank/J.C. Penney ("GEMB") was one of the creditors included in the debt adjustment plan with whom Defendant was to negotiate on Plaintiff's behalf.  Despite having paid $1,650.00 to Defendant, no such settlement was negotiated with GEMB.

25.    Instead, on or about January 22, 2008, GEMB, filed a civil action against the Plaintiff in the Superior Court of New Jersey, Gloucester County, Law Division, Special Civil Part under docket number DC-938-08 seeking full payment of its claim in excess of $5,000.00.

26.    When Plaintiff was served with GEMB's collection complaint, Plaintiff, pursuant to Defendant's instructions, forwarded a copy of the complaint by fax to Defendant.

27.    On or about February 2, 2008 Plaintiff received a federal express package containing a *pro se* answer to GEMB's complaint along with instructions directing Plaintiff to sign the answer, file it with the court and serve a copy on GEMB's counsel.

28.    The *pro se* answer contained general denials to the allegations in GEMB's complaint and also contained numerous affirmative defenses.

29.    Before preparing the *pro se* answer to GEMB's complaint, no one from Defendant's company spoke to Plaintiff to ascertain whether or not the allegations in that complaint were accurate or if they were subject to denial in good faith.

30.    Likewise, before preparing the *pro se* answer to GEMB's complaint, no one from Defendant's

company spoke to Plaintiff to ascertain whether any of the affirmative defenses included therein could be asserted in good faith.

31.    In addition to the complaint filed by GEMB, several of Plaintiff's other creditors began calling her at home and work because she had ceased making payments as directed by Defendant.

32.    Plaintiff realized that Defendant was not providing any real services and directed her depository bank in writing not to honor any more electronic fund withdrawals by Defendant.

33.    Plaintiff was also left with no choice but to file a chapter 7 bankruptcy case since Defendant's debt adjustment program did not result in the promised debt reduction but instead resulted only in a lawsuit, harassing creditor collection calls and threats of additional legal action.

34.    On February 26, 2008, the day after Plaintiff's chapter 7 case was filed, Plaintiff's attorney sent a letter *via* certified mail demanding that, within 10 days, Defendant turnover the $1,650.00 it had taken from Plaintiff prior to the filing of her chapter 7 petition.

35.    Defendant has wilfully failed and refused to turnover the $1,650.00 to Plaintiff.

36.    Plaintiff is an individual whose debts are primarily consumer debts with non-exempt property  valued at less than $150,000 and is therefore an  "assisted person" as that term is defined in 11 U.S.C. Section 101(3).

37.    Defendant's written communications, website information, literature, directions and debt adjustment program constituted goods or services sold or otherwise provided to Plaintiff with the actual or implied purpose of providing information, advice or counsel  with respect to a case or proceeding under title 11 of the United States Code and therefore constituted "bankruptcy advice" as that term is defined in 11 U.S.C. Section 101(4A).

38.    Defendant identified itself as a "debt relief agency" in at least three (3) separate statements contained

on the initial mail solicitation sent to Plaintiff.  Further, Defendant is in fact a "debt relief agency" as that term

is defined in 11 U.S.C. Section 101(12A) in that Defendant provided bankruptcy advice to Plaintiff, an assisted

person.

39.    Defendant directly, indirectly, affirmatively and/or by material omission misrepresented to Plaintiff the

services Defendant would provide to Plaintiff in violation of  11 U.S.C. Section 526(a)(3)(A).

40.    Defendant directly, indirectly, affirmatively and/or by material omission misrepresented to Plaintiff the

benefits and risks that may result if Plaintiff became a debtor in a case under title 11 of the United States Code

in violation of  11 U.S.C. Section 526(a)(3)(B).

41.    Defendant intentionally or negligently disregarded the material requirements of title 11 of the United

States Code applicable to Defendant as a debt relief agency in violation of 11 U.S.C. Section 526(c)(2)(C).

42.    Defendant failed to provide Plaintiff with the written notice required under 11 U.S.C. Section 342(b)(1)

in violation of 11 U.S.C. Section 527(a)(1).

43.    Defendant failed to provide Plaintiff, within three (3) business days after the first date Defendant first

offered to provide bankruptcy assistance services to Plaintiff, the further clear and conspicuous written notices

required by, and in violation of, 11 U.S.C. Sections 527(a)(2)(A) through (D).

44.    Defendant failed to provide Plaintiff the clear and conspicuous separate written notice required by,

and in violation of, 11 U.S.C. Section 527(b).

45.    Defendant failed to provide Plaintiff the clear and conspicuous separate written notice required by,

and in violation of, 11 U.S.C. Section 527(c).

46.    Defendant failed to provide Plaintiff with a complete and fully executed copy of the contract as required by, and in violation of, 11 U.S.C. Section 528(a)(2).

WHEREFORE, Plaintiff demands that judgment be entered against the Defendant on this Count of the complaint as follows:

A.    Declaring and adjudging that the contract for services between the Plaintiff and Defendant is void, pursuant to 11 U.S.C. Section 526(c)(1), for failure to comply with the material requirements of Sections 526, 527 and/or 528 of the United States Bankruptcy Code and that no provision of such contract may be enforced by the Defendant against the Plaintiff.

B.    Finding Defendant liable to Plaintiff, pursuant to 11 U.S.C. Section 526(c)(2), in the amount of $1,650.00 as the amount received by Defendant from Plaintiff in connection with providing bankruptcy assistance.

C.    Awarding Plaintiff any additional actual damages as permitted by 11 U.S.C. Section 526(c)(2).

D.    Requiring Defendant to pay Plaintiff's counsel fees and legal expenses as required by 11 U.S.C. Section 526(c)(2).

E.    Declaring and adjudging that Defendant intentionally violated the provisions of 11 U.S.C. Section 526 and enter an order enjoining Defendant's further violation of such Section as permitted by Section 11 U.S.C. Section 526(c)(5)(A).

F.    Declaring and adjudging that Defendant has engaged in a clear and consistent pattern or practice of violating 11 U.S.C. Section 526 and imposing an appropriate civil penalty against Defendant as permitted by Section 11 U.S.C. Section 526(c)(5)(B).

G    Awarding Plaintiff's costs of suit.

H.    Awarding interest to Plaintiff.

I.    Permanently enjoining Defendant from engaging in such unlawful and illegal practices in the State of New Jersey.

J.    Awarding such other and further relief as this Honorable Court may deem equitable, just and proper.

**SECOND COUNT**
**(Violation of the New Jersey Debt Adjuster Act)**

1.    Plaintiff repeats and repleads each and every allegation contained in the First Count of this Complaint and incorporates the same herein by reference as if more fully set forth at length to avoid unnecessary repetition.

2.    Plaintiff is an indebted individual and is therefore a  "debtor" as that term is defined in N.J.S.A. 17:16G-1(d).

3.      Defendant is a "debt adjuster" as that term is defined in N.J.S.A. 17:16G-1(c). More specifically, and without limitation, Defendant acted or offered to act for a consideration as an intermediary between Plaintiff and her creditors for the purpose of settling, compounding, or otherwise altering the terms of payment of the Plaintiff's debts.

4.      Upon information and belief, Defendant is a California professional corporation not registered or authorized to do business in the State of New Jersey.

5.      Upon information and belief, Defendant is not a nonprofit social service agency.

6.      Upon information and belief, Defendant is not a nonprofit consumer credit counseling agency.

7.      Upon information and belief, Defendant's principal is Victor W. Luke, Esquire, an attorney licensed to practice law in the State of California but not in the State of New Jersey.

8.      Defendant, as a for-profit company, unlawfully acted as a debt adjuster in violation of  N.J.S.A. 17:16G-2(a).

9.      Defendant unlawfully acted as a debt adjuster without first obtaining the license required to do so by, and in violation of,  N.J.S.A. 17:16G-2(b).

10.     Defendant, being unlicensed to do so,  unlawfully charged Plaintiff a fee for the provision of debt adjustment services in violation of N.J.S.A. 17:16G-6(a).

11.     Defendant unlawfully charged Plaintiff fees for debt adjustment services exceeding the fees permitted by, and in violation of, N.J.S.A. 17:16G-6(b). More specifically, Defendant required Plaintiff to pay a good faith down payment of $2,199.26 to be paid in four consecutive (4) monthly installments. The first three (3) monthly good faith down payment installment were in the amount of $550.00 each.   The fourth monthly good faith

down payment installment was to be in the amount of $549.26.  Thereafter, the contract between Plaintiff and

Defendant required Plaintiff to make 48 additional monthly installment payments to Defendant in the amount

of $220.00 each.  Each of these monthly installment payments substantially exceed one percent (1%) of

Plaintiff's monthly gross income and also exceed the maximum amount permitted to be charged in any one

month for debt adjustment services as set forth in N.J.S.A. 17:16G-6(b).

12.    Pursuant to N.J.S.A. 2C:21-19(f) it is also a crime of the fourth degree for any person to act or offer

to act as a debt adjuster.

13.    Plaintiff suffered damages as a result of Defendant's civil violation of N.J.S.A. 17:16G-1, *et seq* and

criminal violation of N.J.S.A. 2C:21-19(f) and is entitled to recover damages against Defendant pursuant to

N.J.S.A. 17:16G-8.

**WHEREFORE**,  Plaintiff demands that judgment be entered against the Defendant on this Count of

the complaint as follows:

A.    Declaring and adjudging that the contract for services between the Plaintiff and Defendant is void, having as its object the criminal violation of  N.J.S.A. 2C:21-19(f), and that no provision of such contract may be enforced by the Defendant against the Plaintiff.

B.    Finding Defendant liable to Plaintiff, pursuant to N.J.S.A. 17:16G-8, in the amount of $1,650.00 as the amount received by Defendant from Plaintiff in connection with unlawfully providing debt adjustment services.

C.    Awarding Plaintiff any additional actual or consequential damages pursuant to N.J.S.A. 17:16G-8.

D.    Requiring Defendant to pay, as further damages, Plaintiff's counsel fees and legal expenses pursuant to N.J.S.A. 17:16G-8.

E.    Ordering Defendant to pay punitive damages in order to deter Defendant from committing these acts in the future and based on the fact these improper actions were committed while operating as a debt adjuster which is a criminal offense in the State of New Jersey.

F.    Awarding Plaintiff's costs of suit.

G.    Awarding interest to Plaintiff.

H.    Permanently enjoining Defendant from engaging in such unlawful and illegal practices in the State of New Jersey.

I.    Awarding such other and further relief as this Honorable Court may deem equitable, just and proper.

## THIRD COUNT
### (Unauthorized Practice of Law)

1.      Plaintiff repeats and repleads each and every allegation contained in the First and Second Counts of this Complaint and incorporates the same herein by reference as if more fully set forth at length to avoid unnecessary repetition.

2.      Pursuant to New Jersey Court Rule 1:21-1(a) only persons holding a plenary license to practice law in this state, who are in good standing and who have complied with the skills and methods course requirements are permitted to practice law in this state.

3.      Upon information and belief, Defendant is a California professional corporation not registered or authorized to do business in the State of New Jersey.

4.      Upon information and belief, Defendant's principal is Victor W. Luke, Esquire, an attorney licensed to practice law in the State of California but not in the State of New Jersey.

5.      Defendant knowingly engaged in the unauthorized practice of law in the State of New Jersey by providing advice, counsel and direction to Plaintiff concerning cessation of payments to Plaintiff's creditors and cessation of communication by Plaintiff with her creditors as a method of attempting to achieve negotiated settlement of Plaintiff's debt obligations.

6.      Defendant knowingly engaged in the unauthorized practice of law in the State of New Jersey by preparing for Plaintiff a *pro se* answer to be filed in the Superior Court of New Jersey in response to GEMB's collection complaint against Plaintiff.

7.      Defendant knowingly engaged in the unauthorized practice of law in the State of New Jersey by providing advice, counsel and direction to Plaintiff concerning the filing and service of the *pro se* answer in the Superior Court of New Jersey in response to GEMB's collection complaint against Plaintiff.

8.      Defendant has through its actions otherwise knowingly engaged in the unauthorized practice of law in the State of New Jersey.

9.      Defendant's statements and actions created or reinforced the false impression that Defendant was licensed to practice law in the State of New Jersey.

10.     Defendant derived a benefit from engaging in the unauthorized practice of law.

11.     Defendant caused injury to Plaintiff by engaging in the unauthorized practice of law.

12.     Pursuant to N.J.S.A. 2C:21-22(a) it is also a criminal petty disorderly persons offense to knowingly engage in the unauthorized practice of law.

13.     Pursuant to N.J.S.A. 2C:21-22(b) it is also a crime of the fourth degree to knowingly engage in the unauthorized practice of law (a) if such practice creates or reinforces the false impression that Defendant was licensed to practice law in the State of New Jersey, (b) if Defendant derived a benefit from engaging in the unauthorized practice of law and/or (c) if such practice caused injury to Plaintiff.

        **WHEREFORE**,  Plaintiff demands that judgment be entered against the Defendant on this Count of the complaint as follows:

A.      Declaring and adjudging that the contract for services between the Plaintiff and Defendant is void, having as its object the criminal violation of N.J.S.A. 2C:21-22, and that no provision of such contract may be enforced by the Defendant against the Plaintiff.

B.      Finding Defendant liable to Plaintiff in the amount of $1,650.00 as the amount received by Defendant from Plaintiff in connection with the unauthorized practice of law.

C.      Awarding Plaintiff any additional actual or consequential damages.

D.      Requiring Defendant to pay, as further damages, Plaintiff's counsel fees and legal expenses.

E.      Ordering Defendant to pay punitive damages in order to deter Defendant from committing these acts in the future and based on the fact these improper actions were committed while operating as a debt adjuster which is a criminal offense in the State of New Jersey and that these improper actions constituted the unauthorized practice of law which is also a criminal offense in the State of New Jersey.

F.      Awarding Plaintiff's costs of suit.

G.      Awarding interest to Plaintiff.

H.      Permanently enjoining Defendant from engaging in such unlawful and illegal practices in the State of New Jersey.

I.      Awarding such other and further relief as this Honorable Court may deem equitable, just and proper.

## FOURTH COUNT
### (Violation of the New Jersey Consumer Fraud Act)

1.      Plaintiff repeats and repleads each and every allegation contained in the First, Second and Third Counts of this Complaint and incorporates the same herein by reference as if more fully set forth at length to avoid unnecessary repetition.

2.      The Defendant has acted, used or employed unconscionable commercial practices, deceptions, fraud, false pretenses, false promises, misrepresentations, and/or has knowingly concealed, suppressed, or omitted material facts with the intent that Plaintiff rely upon such concealment, suppression or omission, in connection with the sale and performance of the services outlined herein in violation of N.J.S.A. 56:8-1, *et seq.*

3.      More particularly, and without limitation, the following actions by Defendant each constitute a separate and distinct violation of N.J.S.A. 56:8-1, *et seq*:

A.      The initial commercial solicitation sent by Defendant through the United States Mail to Plaintiff contained deceptions, fraud, false pretenses, false promises, and misrepresentations and knowingly concealed , suppressed or omitted material facts with the intent that Plaintiff rely upon the same.

B.      The debt adjustment program prepared by Defendant for Plaintiff contained deceptions, fraud, false pretenses, false promises, and misrepresentations and knowingly concealed , suppressed or omitted material facts with the intent that Plaintiff rely upon the same.

C.      Defendant's contract for debt adjustment services on behalf of Plaintiff contained deceptions, fraud, false pretenses, false promises, and misrepresentations and knowingly concealed , suppressed or omitted material facts with the intent that Plaintiff rely upon the same.

D.      Defendant's instructions to Plaintiff to cease making payments to her creditors and to no longer communicate with them at time when Plaintiff was not in default in payments to such creditors constituted an unconscionable commercial practice resulting in great detriment to the Plaintiff.

E.      Charging Plaintiff and/or withdrawing funds from Plaintiff's depository bank account in the total amount of  $1,650.00 for performing less than nominal services on Plaintiff's behalf

constituted an unconscionable commercial practice.

F.    Defendant's preparation of  the *pro se* answer to GEMB's collection complaint containing general denials to the allegations of that complaint and containing numerous affirmative defense to that complaint without conducting any inquiry as to the propriety or good faith basis for asserting such denials or affirmative defenses and directing Plaintiff to sign, file and serve that answer on a *pro se* basis constitutes the use and employment of unconscionable commercial practices.

G.    Defendant's failure and refusal, upon written demand, to return to Plaintiff the $1,650.00 taken by Defendant constitutes the use and employment of an unconscionable commercial practice.

H.    Defendant's misrepresentations to Plaintiff about the services Defendant would provide to Plaintiff in violation of  11 U.S.C. Section 526(a)(3)(A) constitutes the use and employment of an unconscionable commercial practice.

I.    Defendant's misrepresentation to Plaintiff about the benefits and risks that may result if Plaintiff became a debtor in a case under title 11 of the United States Code in violation of  11 U.S.C. Section 526(a)(3)(B) constitutes the use and employment of an unconscionable commercial practice.

J.    Defendant's intentional or negligent disregard of the material requirements of title 11 of the United States Code applicable to Defendant as a debt relief agency in violation of 11 U.S.C. Section 526(c)(2)(C) constitutes the use and employment of an unconscionable commercial practice.

K.    Defendant's failure to provide Plaintiff with the written notice required under 11 U.S.C. Section 342(b)(1) in violation of 11 U.S.C. Section 527(a)(1) constitutes the use and employment of an unconscionable commercial practice.

L.    Defendant's failure to provide Plaintiff, within three (3) business days after the first date Defendant first offered to provide bankruptcy assistance services to Plaintiff, the further clear and conspicuous written notices required by, and in violation of, 11 U.S.C. Sections 527(a)(2)(A) through (D) constitutes the use and employment of an unconscionable commercial practice.

M.    Defendant's failure to provide Plaintiff the clear and conspicuous separate written notice required by, and in violation of, 11 U.S.C. Section 527(b) constitutes the use and employment of an unconscionable commercial practice.

N.    Defendant's failure to provide Plaintiff the clear and conspicuous separate written notice required by, and in violation of, 11 U.S.C. Section 527(c) constitutes the use and employment of an unconscionable commercial practice.

O.    Defendant's failure to provide Plaintiff with a complete and fully executed copy of the contract as required by, and in violation of, 11 U.S.C. Section 528(a)(2) constitutes the use and employment of an unconscionable commercial practice.

P.    Defendant unlawfully and criminally acted as a debt adjuster in violation of  N.J.S.A. 17:16G-2(a) and N.J.S.A. 2C:21-19(f).

Q.    Defendant, being unlicensed to do so,  unlawfully and criminally charged Plaintiff a fee for the provision of debt adjustment services in violation of N.J.S.A. 17:16G-6(a) and N.J.S.A. 2C:21-19(f).

R.    Defendant unlawfully and criminally charged Plaintiff fees for debt adjustment services significantly exceeding the fees permitted by, and in violation of, N.J.S.A. 17:16G-6(b) and N.J.S.A. 2C:21-19(f).

S.    Defendant deceptively engaged in the unauthorized practice of law in the State of New Jersey with the intent that Plaintiff rely on such advice.

4.    Plaintiff also seeks punitive damages in order to deter Defendant from illegally operating in New Jersey and to prevent Defendant from preying on desperate Debtors and their desires to pay something back to their creditors by extracting thousands of dollars in unfair, deceptive and illegal fees.  Such punitive damages are also sought to deter Defendant from engaging in making violations of state criminal and consumer protection statutes and criminally engaging in the unauthorized practice of law as a part of its business model.

    **WHEREFORE**, Plaintiff demands that judgment be entered against the Defendant on this Count of the complaint as follows:

A.    Requiring Defendant to pay Plaintiff's actual damages in the amount of $1,650.00 or in such greater sums to be determined by the Court.

B.    Requiring the Defendant to pay treble damages pursuant to N.J.S.A. 56:8-19.

C.    Awarding Plaintiff's cost of suit and interest.

D.    Awarding Plaintiff's counsel fees and legal expenses.

E.    Separately awarding the full measure of any and all applicable statutory penalties under N.J.S.A. 56:8-1 *et seq* for each separate violation of the New Jersey Consumer Fraud Act.

F.    Requiring Defendant to pay punitive damages to deter Defendant from committing such acts in the future and based on the fact these improper actions were committed while Defendant was unlawfully and criminally engaged in the provision of debt adjustment services and unlawfully and criminally engaged in the unauthorized practice of law.

G.    Permanently enjoining Defendant from engaging in such unlawful and illegal practices in the State of New Jersey.

H.    Awarding such other and further relief as this Honorable Court may deem equitable, just and proper.

Date: April 28, 2008                        /s/ William Mackin

                                Counsel for Plaintiff